UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>        v.<br><br>PLAQUEMINES PARISH SCHOOL BOARD, et al.,<br><br>        Defendants. | Case No. 66-cv-71<br><br>Judge Brandon S. Long |

## **JOINT STIPULATION OF DISMISSAL**

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the parties hereby jointly and voluntarily stipulate to dismiss this action *with* prejudice. The parties originally filed this joint stipulation of dismissal on April 22, 2025. ECF No. 190. A few days later, the Chief Judge reassigned the case to Judge Long (because the original judge, Judge Christenberry, passed away long ago). ECF No. 193. Today, the Court granted the parties' respective motions to enroll new counsel. *See* ECF No. 194 (Plaintiff); ECF No. 195 (Defendants). In light of those developments that occurred *after* the stipulation was filed and out of an abundance of caution, the parties resubmit this joint stipulation of dismissal.

In 1966, the United States brought this action to challenge the Plaquemines Parish School Board's dual system of segregated schools. The Plaintiff named as defendants the Board, the then-Board President, those individuals serving as board members at the time, and the then-Superintendent. *See* Original Docket Sheet 1, Ex. A. No third-party ever intervened or otherwise joined this case. *See generally id.*

1

The United States sought (and won) "injunctive relief enjoining the defendants from discriminating on the basis of race or color in the Plaquemines Parish School System." Order, Jan. 28, 1975, Ex. B.

From 1971 to 1975, there was "no action in the case" "[e]xcept for reports required by the court's order to be filed in the record by the School Board." *Id.*

In 1975, the Court issued its very last order (1975 Order). *See* Ex. A at 14, Ex. B. That Order found that "[t]he defendant School Board [was] operat[ing] one system of schools." Ex. B. The Court was "of the opinion that the relief provided in the court's orders had resulted in the elimination of the effects of past discrimination." *Id.* "Therefore," the Court "ORDERED that this case be administratively closed, except that the defendant school board continue to file the reports required by the court's order." *Id.* (footnote added). The Court "retain[ed] jurisdiction of the case for one year from the date of [that] order," or until January 28, 1976. *Id.*

Since then, Judge Christenberry has passed away, and the record of this case appears to be lost to time. Counsel for Defendants received word from the National Archives and the Clerk's Offices for both the Eastern District and the Fifth Circuit that none of those locations has the record. And according to the Eastern District Clerk's Office, they found a box in a back storage room with reels of microfilm containing certain orders (like the 1975 Order) from this case, but not any party filings.

Given that this case has been stayed[1] for a half-century with zero action by the Court, the parties, or any third-party, the parties are satisfied that the United States' claims have been fully resolved on the merits, its injuries have been fully remedied, and no other unresolved issues remain. It appears, however, that this case remains on the Court's docket as an administrative matter.

Accordingly, the parties hereby stipulate to the dismissal of this action *with prejudice* pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). This dismissal is effective upon the filing of this stipulation. "Under Rule 41(a)(1)(A), a stipulation of dismissal operates to dismiss the action 'without a court order'" and "automatically" "'strips the district court of subject-matter jurisdiction' over the dismissed action." *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (first quoting Fed. R. Civ. P. 41(a)(1)(A), then quoting *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415–16 (5th Cir. 2018)).

| | |
|---|---|
| Dated April 29, 2025 | Respectfully submitted, |
| HARMEET K. DHILLON<br>Assistant Attorney General<br>United States | ELIZABETH B. MURRILL<br>Louisiana Attorney General |
| GREGORY BROWN<br>Deputy Assistant Attorney General | */s/ Morgan Brungard*<br>MORGAN BRUNGARD (LA #40298)<br>Deputy Solicitor General<br>Louisiana Department of Justice |
| */s/ Andrew Darlington*<br>ANDREW DARLINGTON (FL 1018895)<br>Senior Counsel<br>R. JONAS GEISSLER (NJ 025752001)<br>Senior Counsel | 1885 N. Third St.<br>Baton Rouge, LA 70802<br>(225) 999-6864<br>BrungardM@ag.louisiana.gov<br>*Counsel for Defendants* |

---

[1] "The effect of an administrative closure is no different from a simple stay . . . ." *Gross v. Keen Grp. Sols., L.L.C.*, 18 F.4th 836, 840 (5th Cir. 2021) (quoting *Psara Energy, Ltd. v. Advantage Arrow Shipping, L.L.C.*, 946 F.3d 803, 808 (5th Cir. 2020)).

3

U.S. Dept. of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 533-4475
Andrew.Darlington@USDoJ.gov
*Counsel for Plaintiff*